**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. WN-90-0454** |
| | * | |
| **NORMAN O'NEIL BROWN,** | * | |
| **MELVIN FORD,** | * | |
| **JEFFREY REID,** | * | |
| **MICHAEL SMITH,** | * | |
| **WALTER SMITH,** | * | |
| **PAUL WINESTOCK, JR.,** | * | |
| | * | |
| **Defendants** | * | |
| | * | |

**\*\*\*\*\*\*\***

**UNITED STATES OF AMERICA'S  RESPONSE TO**
**DEFENDANTS' CONSOLIDATED MOTION FOR REDUCTION OF SENTENCE**

The United States of America, by and through its attorneys, Rod J. Rosenstein, United States Attorney for the District of Maryland, and Barbara S. Skalla, Assistant United States Attorney for said District, submits the following in opposition to the defendant's consolidated motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c).

## I.  INTRODUCTION

The Defendants have filed a motion for reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on a recent amendment to the Sentencing Guidelines which lowered the base offense levels applicable to cocaine base ("crack") offenses.  This amendment, however, is not applicable to Norman Brown because he was sentenced to a statutory mandatory minimum penalty, and therefore his sentence may not be reduced.   Further, this amendment is inapplicable to any of these defendants as it does not reduce the sentencing guidelines range applicable to each defendant. To the extent that the defendants seek to obtain relief which is not authorized by Section 3582(c)(2), such as reconsideration of other sentencing issues, the motion must be denied.

## II. BACKGROUND

**A.    Norman O'Neil Brown** – On January 15, 1993, Norman Brown was sentenced to life in prison.  The Court found that "a minimum of 551 ounces" (over 15 kilograms) of crack were attributable to Brown, resulting in an offense level of 42.  (Partial transcript, January 15, 1993, attached at Tab A.) The Court also found that a four (4) level role enhancement applied.   With an adjusted offense level of 46 and a criminal history category of III, Brown faced a life sentence under the Sentencing Guidelines.  Moreover, Brown had two prior drug trafficking convictions and was sentenced to mandatory life sentence under 21 U.S.C. § 841.

**B.    Melvin Ford** – On November 6, 1992, Melvin Ford was sentenced to 360 months in prison.  The sentence was based on the Court's findings that at least seven (7) kilograms of crack were attributable to Ford.  With an adjusted offense level was 40 and a criminal history category of III, Ford's sentencing range was 360 months to life.  He was sentenced to 360 months in prison.  (Partial transcript, November 6, 1993, attached at Tab B.)  On December 5, 1996, the Court reduced the sentence to incarceration for 292 months to reflect a retroactive amendment to the Sentencing Guidelines which reduced Ford's base offense level from 40 to 38.

**C.    Jeffrey Andrew Reid** – On January 22, 1993, the Court held a sentencing hearing for Jeffrey Reid.  The Court found that at least eight (8) kilograms of crack were attributable to Reid, resulting in an offense level of 40.  With a criminal history category of III, Reid's sentencing range was 360 months to life.[1]  He was sentenced to 360 months in prison.  (Partial transcript, January 22, 1993,

---

[1]  At the sentencing hearing, the parties disagreed on whether Reid's criminal history category was II or III.  The Court indicated that it would sentence at the low end of whichever category was applicable.  Subsequently, Reid's counsel had an opportunity to review certain documents and, by letter dated January 27, 1993, advised the Court that Reid's criminal history category was III.

2

attached at Tab C.)  On remand from the direct appeal, Reid's sentence was reduced to 324 months.[2] The defendant acknowledges in his motion that, in 1997, he received a further sentence reduction to 262 months to reflect a retroactive amendment to the Sentencing Guidelines which reduced Reid's base offense level from 40 to 38.

**D.    Michael Smith –** On April 23, 1993, a sentencing hearing was held for Michael Smith.  The Court found that at least ten (10)  kilograms of crack were attributable to Michael Smith, resulting in an offense level of 40.  Smith's criminal history category was I, and therefore his sentencing range was 292 to 365 months.  The Court sentenced Smith to 324 months.  (Partial transcript, April 23, 1993, attached at Tab D.)  On November 8, 1996, the Court reduced the sentence to incarceration for 264 months to reflect a retroactive amendment to the Sentencing Guidelines which reduced Smith's base offense level from 40 to 38.

**E.    Walter Trevaughn Smith –** On November 6, 1992, a sentencing hearing was held for Walter Smith.  The Court found that at least ten (10) kilograms of crack were attributable to Walter Smith, resulting in an offense level of 40.  With a criminal history category of I, Smith's sentencing range was 292 to 365 months.  Smith was sentenced to 292 months.   The defendant acknowledges in his motion that, in 1996, he received a sentence reduction to 235 months to reflect a retroactive amendment to the Sentencing Guidelines which reduced Smith's base offense level from 40 to 38.

**F.    Paul Winestock, Jr. –**  At a hearing on May 7, 1993, the Court found that 16.7 kilograms of cocaine base ("crack") was an "extremely conservative" assessment of the quantity attributable

---

[2]  On appeal, Reid raised a sentencing issue that he had not presented to this Court.

to Winestock, which resulted in a base offense level of 42.[3]  (Transcript, May 7, 1993, attached at

Tab F.)  The hearing was continued on December 5, 1993, and the Court found that a four-level role

enhancement applied.  With an adjust offense level of 46, Winestock was sentenced to life in prison.

On December 4, 1998, the Court reduced the sentence to incarceration for 360 months to reflect a

retroactive amendment to the Sentencing Guidelines which reduced Winestock's base offense level

from 42 to 38.

### III.  The Pending Motion Should Be Denied as to Each Defendant

Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based
> on a sentencing range that has subsequently been lowered by the Sentencing
> Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the
> Director of the Bureau of Prisons, or on its own motion, the court may reduce the
> term of imprisonment, after considering the factors set forth in section 3553(a) to the
> extent that they are applicable, if such a reduction is consistent with applicable policy
> statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the

amendments which may be applied retroactively pursuant to this authority, and articulated the proper

procedure for implementing the amendment in a concluded case.[4]  On December 11, 2007, the

Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of

---

[3]  In 1993, 15 kilograms or more resulted in a base offense level of 42 under the
Sentencing Guidelines.  The Court's own notes supported a drug quantity of 29.246 kilograms of
crack.

[4]  Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C.
§ 994(u), which provides:  "If the Commission reduces the term of imprisonment recommended
in the guidelines applicable to a particular offense or category of offenses, it shall specify in
what circumstances and by what amount the sentences of prisoners serving terms of
imprisonment for the offense may be reduced."

relief available under 18 U.S.C. § 3582(c). *See* U.S.S.G. App. C, Amend. 712. Revised Section

1B1.10(a), which became effective on March 3, 2008, provides, in relevant part:

>    (1)    <u>In General</u>.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

>    (2)    <u>Exclusions</u>.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

>        (A)    none of the amendments listed in subsection (c) is applicable to the defendant; or

>        (B)    an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

>    (3)    <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

The amendment in question in this matter is Amendment 706, effective November 1, 2007,

which reduced the base offense level for most cocaine base ("crack") offenses.[5] On December 11,

2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c)

which may be applied retroactively, effective March 3, 2008. U.S.S.G. App. C, Amend. 713.

In Amendment 706, the Commission generally reduced by two levels the offense levels

applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated

criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in

setting statutory mandatory minimum penalties, the Commission could respect those mandatory

---

[5] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

penalties while still reducing the offense levels for crack offenses.  *See* U.S.S.G., Supplement to

App. C, Amend. 706.[6]

Previously, the Commission had set the crack offense levels in Section 2D1.1 above the

range which included the mandatory minimum sentence.  Under the amendment, the Commission

has set the offense levels so that the resulting guideline range includes the mandatory minimum

penalty triggered by that amount, and then set corresponding offense levels for quantities which fall

below, between, or above quantities which trigger statutory mandatory minimum penalties.  For

example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory

minimum sentence of five years imprisonment.  *See* 21 U.S.C. § 841(b)(1)(B).  Therefore, the

revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five

grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63

months (encompassing the 60-month mandatory minimum).

The final result of the amendment is a reduction of two levels for each of the ranges set in

the guidelines for crack offenses.  Previously, the guideline applied offense level 38 to any quantity

of crack of 1.5 kilograms or more.  That offense level now applies to a quantity of 4.5 kilograms or

more of crack.

---

[6] In a separate matter, the Supreme Court recently held in *Kimbrough v. United States*, 128 S. Ct. 558, 564 (2007), that district courts "may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses" in deciding whether to vary from the advisory Guidelines range for crack offenders.  However, that issue is not pertinent to this case, which involves only a § 3582(c)(2) reduction based on a specific guideline amendment.

A.     **The Guideline Ranges For These Defendants Have Not Changed**

The defendants' motion must be denied because, notwithstanding the guideline amendment, the amendment does not have the effect of lowering the defendants' guidelines ranges.

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may *only* be reduced when he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Further, under the statute, a reduction is allowed only when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." In its revisions to Section 1B1.10, the Commission, consistent with the statutory directive that a reduction should occur only where the defendant's sentencing range was lowered, made clear that a sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does not result in lowering the applicable sentencing range for the defendant. Specifically, subsection (a)(2)(B) states: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore *is not authorized under 18 U.S.C. § 3582(c)(2)* if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B) (emphasis added).

Courts also agree that where, as is the case here, application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. *See United States v. McFadden*, 523 F.3d 839 (8th Cir. 2008) (per curiam) (rejecting motion under crack amendment). *See also United States v. Gonzalez-Balderas*, 105 F.3d 981, 984 (5th Cir. 1997) (although a retroactive amendment reduced the defendant's offense level, the new level (44) still required the sentence of life imprisonment which was imposed, and the district court properly denied the motion summarily); *United States v. Allison*, 63 F.3d 350, 352-54 (5th Cir. 1995) (motion properly denied

where the sentence would not be different under new guideline); *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (although a retroactive amendment to the career offender guideline changed the definition of a statutory maximum, the amendment did not benefit the defendant given that the maximum penalty for his offense, bank robbery, was the same under either definition, and thus the guideline range was the same); *United States v. Dorrough*, 84 F.3d 1309, 1311-12 (10th Cir. 1996) (the district court did not abuse its discretion in denying the § 3582(c)(2) motion, where an alternative means of sentencing permitted by the applicable guideline produced the same offense level which applied earlier); *United States v. Armstrong*, 347 F.3d 905, 908 (11th Cir. 2003) (the district court correctly denied the motion, where the defendant's offense level was not altered by the subject of the retroactive amendment); *United States v. Young*, 247 F.3d 1247, 1251-53 (D.C. Cir. 2001) (district court properly denied motion where the sentence was actually based on considerations not affected by the retroactive guideline amendment); *United States v. Jacob*, 2008 WL 1776428 (M.D. Fla. Apr. 18, 2008) (no reduction under crack amendment where range was the same based on different drug (heroin) alone); *United States v. Monroe*, 2008 WL 824304 (W.D. Pa. Mar. 26, 2008) (no reduction warranted under crack amendment where the offense level was based on a more serious murder charge, and remains unchanged).

Nevertheless, the defendants argues that, under Section 3582(c)(2), a reduction is allowed in any case where the defendant's sentence was "based on" a sentencing range that has subsequently been lowered for anybody. Motion at 6-11. Thus, in their statutory reading, any defendant sentenced under any guideline which is subsequently the subject of a retroactive amendment may obtain resentencing, even though the amendment has no effect on his own guideline range in any

manner.  The defendants cites no authority for this tortured reading of the statute, which is at odds

with the plain language and unanimous appellate interpretation of Section 3582(c)(2).

The statute provides authority for a sentencing reduction "in the case of a defendant who has

been sentenced to a term of imprisonment based on a sentencing range that has subsequently been

lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . ."  The statute clearly

applies to a particular "case," and to "a defendant who has been sentenced to a term of imprisonment

based on a sentencing range that has been lowered."  This statute obviously applies to a defendant

whose particular range has been reduced.  Indeed, the statute is otherwise nonsensical.  A "range"

is a final product of a calculation of the entire set of guidelines regarding an individual defendant;

in contrast, a retroactive amendment never adjusts any particular "range," but only a component of

the calculation (such as the offense levels provided in Section 2D1.1) which leads to the calculation

of myriad individual ranges.  The Sentencing Commission's and the courts' identical construction

of the statute is obviously correct, as is the Commission's direction that a reduction "is not

authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have

the effect of lowering the defendant's applicable guideline range."  § 1B1.10(a)(2)(B) (effective

Mar. 3, 2008).  That is the case here.  *See United States v. Biami*, 2008 WL 1869108, *2 (E.D. Wis.

Apr. 22, 2008) (the court rejects the argument that a sentence may be "based on" a reduced guideline

even where the particular defendant does not benefit:  "It would make little sense to permit the court

to re-open a sentence based on a guideline amendment that would not, if applied to the defendant,

make any difference in the outcome.  The better reading of the statute is that the amendment must

lower the range under which the defendant was actually sentenced (and would be re-sentenced).").

In the instant case, the Court carefully determined the drug quantity attributable to each defendant, and each defendant was held accountable for in excess of 4.5 kilograms of crack.[7] Under the amended guidelines, 4.5 kilograms of crack or more results in a base offense level of 38, the same offense level previously assigned to each of these defendants. Clearly, the defendants were not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and they are not entitled to relief. See *See, e.g., United States v. Woodson*, 2008 WL 2369636 (8th Cir. June 12, 2008) (unpublished); *United States v. Hubbard*, 2008 WL 977344 (M.D. Fla. Apr. 9, 2008); *United States v. Degeorge*, 2008 WL 2359903 (N.D. Fla. June 5, 2008); *United States v. King*, 2008 WL 2036894 (N.D. Iowa May 8, 2008); *United States v. Quary*, 2008 WL 1766951 (D. Kan. Apr. 15, 2008); *United States v. Milton*, 2008 WL 961853 (D. Neb. Apr. 9, 2008); *United States v. Grant*, 2008 WL 906409 (D.N.H. Apr. 3, 2008); *United States v. Herrera*, 2008 WL 410074 (W.D. Okla. Feb. 12, 2008); *United States v. Wright*, 2008 WL 2265272 (E.D. Pa. June 3, 2008); *United States v. Harris*, 2008 WL 1342995 (E.D. Pa. Apr. 8, 2008); *United States v. Stevens*, 2008 WL 2330225 (D.S.C. June 3, 2008); *United States v. Crenshaw*, 2008 WL 2227564 (W.D. Va. May 29, 2008); *United States v. Williams*, 2008 WL 2120067 (W.D. Va. May 20, 2008); *United States v. Bruce*, 2008 WL 678643 (W.D. Va. Mar. 11, 2008); *United States v. Mitchell*, 2008 WL 2489930 (W.D. Wash. June 19, 2008).

---

[7] In their consolidated motion, the defendants boldly claim that "mandatory guidelines forced the Court to sentence the defendants as if they were all members of the same conspiracy and responsible for all the drug amounts involved in that conspiracy - more than 4.5 kilograms." Defendants' motion at 2. This is not even remotely accurate. Transcripts of each sentencing hearings reveal that the Court painstakingly parsed through the evidence and included only the drug quantities from events in which each defendant was personally and directly involved.

**B.**    **Norman Brown Was Sentenced under a Mandatory Statutory Provision**.

Additionally, the motion as to Norman Brown should be denied because, as stated earlier, he was sentenced to a mandatory minimum sentence required by statute. The Sentencing Commission has not altered and cannot alter a statutory mandatory minimum sentence, and that mandate continues to apply. *See also* § 1B1.10 app. note 1(A) (affirming that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with this policy statement if . . . an amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of . . . another statutory provision (e.g., a statutory mandatory minimum term of imprisonment.")). Accordingly, as courts have consistently recognized, where a statutory mandatory minimum sentence is applicable the passage of a retroactive guideline amendment is irrelevant. *See, e.g., United States v. Dimeo*, 28 F.3d 240, 241 (1st Cir. 1994); *United States v. Hanlin*, 48 F.3d 121, 124-25 (3d Cir. 1995); *United States v. Pardue*, 36 F.3d 429 (5th Cir. 1994); *United States v. Marshall*, 95 F.3d 700, 701 (8th Cir. 1996); *United States v. Mullanix*, 99 F.3d 323, 324 (9th Cir. 1996); *United States v. Smartt*, 129 F.3d 539, 542 (10th Cir. 1997); *United States v. Eggersdorf*, 126 F.3d 1318, 1320 (11th Cir. 1997).

Courts have unanimously applied the same rule in addressing motions based on the crack amendments. *See, e.g., United States v. McFadden*, 523 F.3d 839 (8th Cir. 2008) (per curiam); *United States v. Jones*, 523 F.3d 881 (8th Cir. 2008); *United States v. Urquhart*, 2008 WL 829670 (E.D. Ark. Mar. 26, 2008); *United States v. Cunningham*, 2008 WL 2477608 (D. Conn. June 18, 2008); *United States v. Powell*, 2008 WL 647549 (D.D.C. Mar. 6, 2008); *United States v. Goodman*, 2008 WL 616100 (M.D. Fla. Mar. 3, 2008); *United States v. Taylor*, 2008 WL 2055631 (N.D. Fla. May 9, 2008); *United States v. Neemia*, 2008 WL 2437727 (D. Hawaii June 13, 2008); *United States*

11

*v. Royal*, 2008 WL 2003090 (N.D. Ind. May 8, 2008); *United States v. Murphy*, 2008 WL 2036899

(N.D. Iowa May 8, 2008); *United States v. Mosley*, 2008 WL 1901393 (D. Kan. Apr. 25, 2008);

*United States v. Wingo*, 2008 WL 2357743 (E.D. Mich. June 10, 2008); *United States v. Walker*,

2008 WL 2312724 (W.D. Mich. May 27, 2008); *Taylor v. United States*, 2008 WL 2437420, *1 n.1

(E.D. Mo. June 12, 2008); *Robinson v. United States*, 2008 WL 922315 (W.D. Mo. Mar. 31, 2008);

*United States v. Lloyd*, 2008 WL 974783 (D. Neb. Apr. 8, 2008); *United States v. Madison*, 2008

WL 1886055 (D.N.H. Apr. 28, 2008); *United States v. Brandon*, 2008 WL 1995133 (D.N.J. May

7, 2008); *United States v. Campbell*, 2008 WL 1957773 (E.D.N.Y. May 5, 2008); *United States v.

Candelario*, 2008 WL 1944698 (S.D.N.Y. Apr. 28, 2008); *United States v. Griggs*, 2008 WL 750564

(M.D. Pa. Mar. 19, 2008); *United States v. Hughes*, 2008 WL 728364 (W.D. Pa. Mar. 18, 2008);

*United States v. Moses*, 2008 WL 655993 (W.D. Pa. Mar. 5, 2008); *United States v. Wright*, 2008

WL 732167 (D.S.C. Mar. 17, 2008); *United States v. Brown*, 2008 WL 867882 (D.S.C. Mar. 27,

2008); *United States v. Daniels*, 2008 WL 892692 (W.D. Va. Mar. 28, 2008); *United States v.

Parris*, 2008 WL 657401 (W.D. Va. Mar. 5, 2008); *United States v. Herndon*, 2008 WL 723780

(W.D. Va. Mar. 13, 2008); *United States v. Hawkins*, 2008 WL 901554 (E.D. Wash. Mar. 31, 2008);

*United States v. Bell*, 2008 WL 1968838 (W.D. Wash. May 5, 2008); *United States v. Howell*, 2008

WL 687112 (S.D. W. Va. Mar. 12, 2008); *United States v. Duvall*, 2008 WL 1757761 (E.D. Wis.

Apr. 15, 2008).  Therefore, Norman Brown's motion should be summarily denied on this additional

ground.

### IV.  The Defendants' Attempt to Raise Other Sentencing Issues Should Fail

To the extent that the defendants improperly seeks to employ Section 3582(c)(2) to relitigate

sentencing issues unrelated to application of Section 2D1.1 to crack offenses, their motion should

fail. Section 3582(c)(2) permits a sentencing court to reduce a defendant's sentence only when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." In its recently revised policy statements, the Sentencing Commission made clear that proceedings under Section 1B1.10 and Section 3582(c)(2) "do not constitute a full resentencing of the defendant." Furthermore, in subsection (b)(1) the policy statement explicitly directs that "[i]n determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court . . . shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and *shall leave all other guideline application decisions unaffected*" (emphasis added). The limitation imposed by the Sentencing Commission must be respected. *See United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000) (Section 3582(c)(2) "do[es] not contemplate a full de novo resentencing") (quoting *United States v. Cothran*, 106 F.3d 1560, 1562 (11th Cir. 1997)); *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) ("A [Section] 3582(c)(2) motion is not a second opportunity to present mitigating factors to the sentencing judge, nor is it a challenge to the appropriateness of the original sentence."); *United States v. McNair*, 2008 WL 833118 (N.D. Ind. Mar. 27, 2008) (adjustment based on crack amendment is not a full resentencing); *United States v. Legree*, 205 F.3d at 730 ("A motion pursuant to § 3582(c) is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution.")(internal quotations and citations omitted).

To the contrary, as noted above, a federal criminal sentence is generally final following a direct appeal, and modification is permitted by law only in very circumscribed situations. This is consistent with Application Note 2 of U.S.S.G. § 1B1.10, which provides:

> In determining the amended guideline range under subsection (b), the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that wer pplied when the defendant was sentenced. *All other guideline application decisions remain unaffected.*

(Emphasis added.)[8]  As the Third Circuit noted,

> It is, thus, clear that only the retroactive amendment is to be considered at a resentencing under § 3582 and the applicability of that retroactive amendment must be determined in light of the circumstances existent at the time sentence was originally imposed.  In other words, the retroactive amendment merely replaces the provision it amended and, thereafter, the Guidelines in effect at the time of the original sentence are applied.

*United States v. McBride*, 283 F.3d 612, 615 (3d Cir. 2002).  *See United States v. Smith,* 11 F.

App'x. 165, 167 (4th Cir. 2001)("resentencing pursuant to §3582(c)(2) is not a de novo proceeding,

but merely a form of limited remand"); *United States v. Strothers*, 2008 WL 2473686 *2, *4 ("It is

---

[8]  The defendants' argument that this § 1B1.10 is only advisory under *Booker* has been rejected.  See *United States v. Strothers*, 2008 WL 2473686 (W.D.Pa. June 19, 2008) ("Indeed, the amendments to Section 1B1.10 appear to have been enacted specifically to prevent the application of *Booker* to Section 3582(c)(2) proceedings."); *United States v. Roman*, 2008 WL 2669769 *2 (E.D.Pa. 2008)("Thus, the Third Circuit has made clear that the directives of the Commission remain binding on this Court, even after *Booker*.")  The "chief" case in support of his argument, *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007), "is no longer valid" because it "considered the prior language of Section 1B1.10" and not the current language.  *United States v. Strothers*, 2008 WL 2473686 at *5.  Moreover, for the reasons stated above, *Hicks'* analysis is flawed and should not be followed by this Court.  *Hicks* fails to consider that the context of a Section 3582(c)(2) proceeding, in which a court may only reduce a sentence or leave it undisturbed, is markedly different from the determinations under mandatory Guidelines which could increase a defendant's sentence - and thus run afoul of the Sixth Amendment - that were addressed in *Booker*.  *Hicks* also fails to recognize that a sentencing reduction under Section 3582(c)(2) is not a full resentencing proceeding, but a limited mechanism only for reducing a sentence to account for a retroactive guideline amendment.  Likewise, *Hicks* ignores the fact that Section 3582(c)(2) incorporates into the statute the limits in Section 1B1.10, and that those statutory limits are binding on sentencing courts.  See *United States v. Rivera*, 535 F.Supp.2d at 531 ("The Guidelines are advisory but Congress's directive that sentences are final unless reduction would be consistent with Guidelines policy statements remains mandatory.  Moreover, the Court may not, consistent with § 3582, reduce Rivera's sentence when the Guideline range applicable to him has not been reduced.").

14

important to remember that 3582(c) does not simply provide a vehicle for re-opening sentences for further consideration... A reduction pursuant to Section 3582(c) does not constitute a de novo re-sentencing."); *United States v. Green*, 2008 WL 2312927 *1 (E.D.Mo., May 30, 2008)("the resentencing authorized by the retroactive [crack] amendment and § 3582(c)(2) involves consideration only of the retroactive amendment and not a reconsideration of other matters"); *United States v. Brantley*, 2008 WL 718143 *2 (M.D. Fla, March 14, 2008)((the court shall substitute only the retroactive amendment for the corresponding guideline provisions [that] were applied when defendant was sentenced, and shall leave all other guideline application decisions unaffected.")(internal citations and quotations omitted); *United States v. Barnes*, 2008 WL 2329422 *2 (M.D. Fla. June 4, 2008)("Nothing in Amendment 706 allows a defendant to collaterally challenge his prior convictions.").

Similarly, the question of the relevance of *Booker* is not presented in this case. In other cases, to be sure, defendants who are entitled to a sentencing reduction under Section 1B1.10 will argue that, pursuant to *Booker*, the Sentencing Commission's effort to restrict the extent of the reduction is not mandatory (a proposition the government will oppose). But here, the issue is not reached, as the defendants fail to qualify pursuant to the statute for any sentencing reduction at all. As explained above, the governing statute allows a reduction only "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." Because the necessary trigger never occurred for these defendants in this case, the question of whether *Booker* allows a greater reduction at resentencing never arises. In any event, for the benefit of the Court,

the government submits that *Booker*, and its holding that the guidelines are advisory at an initial

sentencing proceeding, has no impact at all at resentencing under Section 3582(c)(2).

The defendants' attempt to now inject *Booker* considerations into this proceeding is directly

analogous to the defendant's attempt in *McBride* to raise an *Apprendi* claim in the context of a

section 3582(c) motion.   Notably, however, the court in *McBride* rejected that effort to invoke the

new constitutional rule of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), through the filing of a

Section 3582(c)(2) motion, given that *Apprendi* did not represent an action of the Sentencing

Commission lowering a guideline range.   *McBride* held that, consistent with the limited relief

afforded by Section 3582(c)(2) and U.S.S.G. § 1B1.10, the district court could impose a sentence

within a reduced guideline range regardless of whether that sentence violated *Apprendi*.   *See*

*McBride*, 283 F.3d at 615-16.  That same principle has been adopted by many other appellate courts,

including the Fourth Circuit.  *See, e.g., United States v. Foster,* 257 F.App'x 652, 63 (*Booker* relief

unavailable under § 3582(c)(2); *Cortorreal v. United States*, 486 F.3d 742, 744 (2d Cir. 2007)

(Section 3582(c)(2) motion may not be employed to present claim under *Booker*); *United States v.*

*Carter*, 500 F.3d 486, 490-91 (6th Cir. 2007) (same; explaining that a Section 3582(c)(2) motion

may only be presented based on a guideline amendment of the Sentencing Commission, as the basis

of the motion is distinct from other claims which might affect the sentence, which must be presented,

if at all, under Section 2255); *United States v. Smith*, 241 F.3d 546, 548 (7th Cir. 2001) (Section

3582(c)(2) motion may not be employed to present claim under *Apprendi*); *United States v. Lloyd*,

398 F.3d 978, 979-80 (7th Cir. 2005)(claims that district judge miscalculated the defendant's

relevant conduct, and that the CCE statute was improperly applied, were cognizable only under

Section 2255, and the Section 3582(c)(2) motion was therefore properly dismissed).  *See also*,

*United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005)("Therefore, *Booker* is inapplicable to § 3582(c)(2) proceedings."); *United States v. Hudson*, 242 F.App'x 16 (4th Cir. 2007)(not clear error or abuse of discretion to refuse to apply *Booker* in proceedings under § 3582(c)(2)).

Other courts addressing Amendment 706 have held that *Booker* is inapplicable. *See, e.g., United States v. Outlaw*, 2008 WL 2443374 (4th Cir. June 18, 2008) (unpublished); *United States v. Robinson*, 2008 WL 2039268 (E.D. Ark. May 12, 2008); *United States v. Kahlmorgan*, 2008 WL 1776894, *3 (M.D. Fla. Apr. 17, 2008); *United States v. Davis*, 2008 WL 660277, *2 (M.D. Fla. Mar. 6, 2008); *United States v. Hopkins*, 2008 WL 504002, at *1 (N.D. Iowa Feb. 21, 2008); *United States v. Quary*, 2008 WL 1766951, *2 n.1 (D. Kan. Apr. 15, 2008); *United States v. Julien*, 2008 WL 1933340 (D. Me. May 5, 2008); *United States v. Green*, 2008 WL 2312927 (E.D. Mo. May 30, 2008); *United States v. Osuna*, 2008 WL 1836943, *2-3 (E.D.N.Y. Apr. 22, 2008); *United States v. Cruz*, 2008 WL 539216, at *2-5 (E.D.N.Y. Feb. 27, 2008) (holding that a reduction in sentence is not authorized if there has been no change in the guideline range, and <u>Booker</u> is inapplicable to permit greater relief); *United States v. Veale*, 2008 WL 619176, *3 (N.D.N.Y. Mar. 3, 2008); *Montes v. United States*, 2008 WL 906079 (S.D.N.Y. Apr. 3, 2008); *United States v. Wright*, 2008 WL 2265272 (E.D. Pa. June 3, 2008); *United States v. Rivera*, 535 F. Supp. 2d 527, 530-31 (E.D. Pa. 2008); *United States v. Austin*, 2008 WL 2412949 (M.D. Pa. June 11, 2008); *United States v. Roberson*, 2008 WL 2020209, *2 (M.D. Pa. May 8, 2008); *United States v. Strothers*, 2008 WL 2473686 (W.D. Pa. June 19, 2008); *United States v. Finney*, 2008 WL 2435559 (W.D. Pa. June 16, 2008) (rejects decision in *Hicks*); *United States v. Johnson*, 2008 WL 2260052, *4 (W.D. Va. June 3, 2008). *But see United States v. Stokes*, 2008 WL 938919 (M.D. Fla. Apr. 7, 2008), and *United States v. Barrett*, 2008 WL 938926 (M.D. Fla. Apr. 7, 2008) (decisions of same court holding that

*Booker* does not make advisory the restriction in Section 1B1.10 limiting sentencing reductions to cases in which an offense level has been lowered, but holding that, where there would be an offense level reduction but for an anomalous application of the revised drug equivalency table, the court has authority under *Booker* to afford the reduction)

The conclusion that *Booker* does not apply in proceedings under Section 3582(c)(2) is also consistent with the courts of appeals' unanimous holding that defendants whose convictions are final have no right to resentencing under *Booker* on collateral review under 28 U.S.C. § 2255. *See Cirilo-Muñoz v. United States*, 404 F.3d 527, 532-33 (1st Cir. 2005); *Guzman v. United States*, 404 F.3d 139, 141-44 (2d Cir. 2005); *Lloyd v. United States*, 407 F.3d 608, 613-16 (3d Cir. 2005); *United States v. Morris*, 429 F.3d 65, 66-67 (4th Cir. 2005); *United States v. Gentry*, 432 F.3d 600, 602-05 (5th Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005); *Never Misses A Shot v. United States*, 413 F.3d 781, 783-84 (8th Cir. 2005); *United States v. Cruz*, 423 F.3d 1119, 1121 (9th Cir. 2005); *United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005); *Varela v. United States*, 400 F.3d 864, 867-68 (11th Cir. 2005); *In re Fashina*, 486 F.3d 1300, 1306 (D.C. Cir. 2007). It would be incongruous if courts interpreted the congressional scheme in Section 3582(c)(2), which provides for much more limited relief than Section 2255, concerns only sentence reductions, and raises no Sixth Amendment concerns, as triggering a full *Booker* resentencing.

Accordingly, while Courts should consider the Section 3553(a) factors in determining whether and to what extent to reduce a sentence that qualifies for reduction, it must abide by the limitations on sentencing reductions directed by Congress. *Booker* does not apply, and there is no authorization for this Court to revisit its earlier sentencing determinations.

18

In addition to a reduction in sentence based on Amendment 706, the defendants appear to seek further leniency based on various grounds such as post-sentencing rehabilitation. While a Court may consider this information in determining whether and by how much to reduce a defendant's sentence that qualifies for reduction, the Court is barred from reducing the sentence, for any reason, below the bottom of the revised guideline range. Just as *Booker* is inapplicable, and does not allow a sentencing reduction below the limit set by Congress and the Sentencing Commission, a court may not depart or otherwise reduce a sentence below the statutory limits based on the facts put forward by the defendant. Agreeing with this analysis, the en banc court in *United States v. Hasan*, 245 F.3d 682 (8th Cir. 2001), held that the district court erred in a Section 3582(c)(2) proceeding by affording an eight-level reduction based on post-sentencing rehabilitation, concluding that the "downward departure below the new Guidelines range on the basis of post-sentencing rehabilitation was not authorized by the terms of either the statute or the Guidelines." *Id*. at 685. The court explained:

> The language of the statute, 18 U.S.C. § 3582(c)(2), is clear. The factors set forth in § 3553(a) and the applicable policy statements are to be considered only when making the decision whether to reduce a term of imprisonment as a result of the Sentencing Commission's lowering of the sentencing range. The statute does not say that the court may reduce the term of imprisonment below the amended sentencing range or that the § 3553(a) factors or the applicable policy statements should be considered for such an additional reduction.

*Id*. at 686. The court further observed the limitations imposed by the Sentencing Commission, which preclude a sentencing reduction below the amended guideline range (or below the range which takes into account a downward departure comparable to that afforded at the first hearing): .

> It goes without saying that Ms. Hasan did not and could not have received a downward departure at her original sentencing for *post-sentencing* in-prison good conduct. The departure granted by the district court to Ms. Hasan at her resentencing is not consistent with the applicable policy statement (§ 1B1.10) issued by the

19

> Sentencing Commission to govern § 3582(c)(2) resentencings, and therefore runs afoul of § 3582(c)(2) itself which requires action "consistent with applicable policy statements issued by the Sentencing Commission."

*Id.* (emphasis in original). All other courts to address the issue are in agreement that post-sentencing conduct or other circumstances may not be considered at a Section 3582(c)(2) proceeding as a basis for reducing a sentence below an amended guideline range. *See, e.g., United States v. Rodriguez-Pena*, 470 F.3d 431, 433 (1st Cir. 2006); *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000) (rejecting further departure based on defendant's current ill health, stating: "A district court's discretion has, therefore, clearly been cabined in the context of a Section 3582(c) sentencing reconsideration. In light of this limit, we find that the district court was correct in holding that it lacked jurisdiction to depart downward because of Bravo's medical condition to an extent greater than that authorized under Section 3582(c) based on the amended guideline provision."). *See also Quesada Mosquera v. United States*, 243 F.3d 685, 686 (2d Cir. 2001) (per curiam) (affirming denial of Section 3582(c)(2) motion which was based on rehabilitation alone).[9]

---

[9] The Sentencing Commission's approach, in allowing a sentencing reduction only to the amended range, is consistent with its policy statement set forth in Section 5K2.19, that "[p]ost-sentencing rehabilitative efforts, even if exceptional, undertaken by a defendant after imposition of a term of imprisonment for the instant offense are not an appropriate basis for a downward departure when resentencing the defendant for that offense. (Such efforts may provide a basis for early termination of supervised release under 18 U.S.C. 3583(e)(1).)" U.S.S.G. § 5K2.19. In its background commentary, the Commission explained that a departure "would (1) be inconsistent with the policies established by Congress under 18 U.S.C. 3624(b) and other statutory provisions for reducing the time to be served by an imprisoned person; and (2) inequitably benefit only those who gain the opportunity to be resentenced de novo." § 5K2.19 background. The Commission also added this statement when adopting Section 5K2.19 (in Amendment 602): "Additionally, prohibition on downward departure for post-sentencing rehabilitative efforts is consistent with Commission policies expressed in Section 1B1.10 (Reduction in Term of Imprisonment as a Result of Amended Guideline Range)."

Indeed, allowing a reduction of more than two levels would undermine the basis for the Sentencing Commission's decision to make the crack amendments retroactive. In Amendment 713, the Commission explained that it made the crack amendments retroactive, even though "the number of cases potentially involved is substantial," because "the magnitude of the change in the guideline range, *i.e.*, two levels, is not difficult to apply in individual cases." U.S.S.G. App. C, Amend. 713. To allow defendants to seek further reductions on a variety of grounds would destroy the simplicity of application that the Commission counted on in making the crack amendments retroactive, and would result in undue demands on judicial resources and unwarranted sentencing disparity.

## V.  <u>CONCLUSION</u>

For all of the reasons stated above, the government respectfully requests that the defendants' consolidated motion for reduction of sentence be denied.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

By:    _____/s/_____
Barbara S. Skalla
Assistant United States Attorney
400 U.S. Courthouse
6500 Cherrywood Lane
Greenbelt, Maryland 20770-1249
301-344-4433