```
                    SENTENCING PROCEEDINGS                          1

              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA          :

            PLAINTIFF              :      CRIMINAL

    VS.                            :      DOCKET

                                          WN-90-0454
MELVIN A. FORD                     :

            DEFENDANT              :
                                   ------------

                                        BALTIMORE, MARYLAND

                                        NOVEMBER 6TH, 1992


          THE ABOVE ENTITLED CASE CAME ON FOR A SENTENCING

HEARING IN THE UNITED STATES DISTRICT COURT BEFORE THE

HONORABLE WILLIAM M. NICKERSON, BEGINNING AT 10:00 O'CLOCK

A.M..

                         APPEARANCES

FOR THE GOVERNMENT:

          BARBARA S. SKALLA, ESQUIRE
          JACK V. GEISE, ESQUIRE

FOR THE DEFENDANT:

          WILLIAM S. LITTLE, ESQUIRE


          REPORTED BY E. EDWARD RICHARDSON
          OFFICIAL COURT REPORTER
          UNITED STATES DISTRICT COURT
          345 UNITED STATES COURTHOUSE
          101 WEST LOMBARD STREET
          BALTIMORE, MARYLAND  21201
          (410) 539-0034
```

1  COOKING IS THE ONE THAT I MENTIONED BEFORE IN MY ARGUMENT,
2  WHICH IS LIKE FIVE WEEKS AFTERWARDS, WHERE WEINSTOCK IS
3  SAYING THIS IS WHAT HE IS GOING TO DO WITH IT.
4         WE STILL HAVE TWO KILOS OF POWDER, YOUR HONOR.
5  THE SAME THING THAT HAPPENED IN TRIAL.
6         THEY ARE TRYING TO PUT IT ALL TOGETHER AND
7  SAYING HERE IT IS.  THE JURY DIDN'T BUY IT, AND I DON'T THINK
8  THE COURT SHOULD.
9         THE COURT:  ALL RIGHT.  OF COURSE, AT THIS POINT, AS
10 I HAVE INDICATED, THE MATTER IS IN A DIFFERENT STATUS THAN IT
11 WAS BEFORE THE JURY, CERTAINLY WITH REGARD TO THE STANDARD OF
12 PROOF, AS WELL AS THE OVERALL PICTURE THAT I HAVE TO LOOK AT
13 IN TERMS OF THE RELEVANT CONDUCT ISSUE.
14        THE REASON THAT I WAS FOCUSING AT THE OUTSET ON
15 THIS QUESTION ABOUT POWDER VERSUS CRACK WAS BECAUSE THAT WAS
16 THE ONE AREA THAT SEEMED TO ME MIGHT BE SOMEWHAT UP IN THE
17 AIR.  BUT, HAVING LISTENED TO BOTH SIDES WITH RESPECT TO
18 THAT, I AM SATISFIED THAT IT REALLY IS NOT.
19        THE BOTTOM LINE IS THAT I AM THOROUGHLY
20 SATISFIED BY THE PREPONDERANCE OF THE EVIDENCE THAT MR. FORD
21 WAS DIRECTLY INVOLVED IN AT LEAST THE NEGOTIATING OF SEVEN
22 KILOS OF COCAINE, WITH THE AWARENESS THAT THAT COCAINE
23 HYDROCHLORIDE WAS TO BE CONVERTED INTO CRACK.
24        GIVEN THAT FINDING, WHICH IS INESCAPABLE TO ME,
25 LEADS TO THE CONCLUSION THAT THE GOVERNMENT'S POSITION WITH

1  RESPECT TO THE GUIDELINE APPLICATION IS CORRECT. IT FALLS

2  WITHIN THE FIVE TO FIFTEEN KILOGRAMS OF CRACK, WHICH, I

3  BELIEVE, IS A LEVEL 40.

4      NO QUESTION ABOUT THAT, IS THERE?

5      MR. LITTLE:  THAT'S THE LEVEL.

6      THE COURT:  ALL RIGHT. WELL, THERE IS THEN THE

7  ISSUE AS TO THE GOVERNMENT'S CONTENTION THAT THERE IS AN

8  ADDED TWO LEVELS FOR THE SPECIFIC OFFENSE CHARACTERISTIC OF

9  POSSESSION OF A FIREARM.

10     MS. SKALLA, DO YOU WANT TO SPEAK TO THAT?

11     MS. SKALLA:  MAY WE HAVE JUST A MOMENT, YOUR HONOR?

12     MR. GEISE:  MAY WE HAVE A MOMENT'S INDULGENCE?

13     THE COURT:  CERTAINLY.

14     (PAUSE)

15     THE COURT:  DO YOU NEED A FEW MINUTES?

16     MS. SKALLA:  MAYBE FIVE MINUTES, YOUR HONOR. THANK

17 YOU, YOUR HONOR.

18     THE CLERK:  PLEASE RISE. THIS HONORABLE COURT

19 STANDS IN RECESS FOR FIVE MINUTES.

20     (THEREUPON, A BRIEF RECESS WAS TAKEN AT 10:55

21 O'CLOCK A.M.)

22     <u>AFTER RECESS - PROCEEDINGS</u>

23     THE COURT:  BE SEATED, PLEASE.

24     MR. LITTLE:  YOUR HONOR, AFTER --

25     THE COURT:  MR. LITTLE.

REPORTED BY E. EDWARD RICHARDSON CSR RPR CP

1       MR. LITTLE: YOUR HONOR, AFTER CONSULTATION WITH THE
2   GOVERNMENT, WE HAVE DECIDED THAT WE ARE NOT GOING TO GO
3   FORWARD WITH OUR REQUEST FOR A REDUCTION BASED ON ROLE IN THE
4   OFFENSE, AND THE GOVERNMENT HAS AGREED THAT THEY ARE NOT
5   GOING FORWARD WITH THEIR REQUEST FOR ENHANCEMENTS BASED ON
6   THE WEAPON OR ON OBSTRUCTION OF JUSTICE, AND THAT IS AT THIS
7   TIME FOR THIS SENTENCING, YOUR HONOR.
8       IT IS OUR AGREEMENT THAT IF THEY CAME BACK WITH
9   A SITUATION ON A REMAND OF SOME KIND THAT SENTENCING WOULD BE
10  AN ISSUE AGAIN, AND BOTH SIDES COULD TAKE UP THE -- THE TWO
11  ISSUES FOR THE GOVERNMENT, AND WE COULD TAKE UP THE ONE FOR
12  US.
13      THE COURT: MS. SKALLA.
14      MS. SKALLA: JUST SO IT'S CLEAR, THE OBSTRUCTION
15  ENHANCEMENT THAT WE WOULD OTHERWISE HAVE BEEN SEEKING
16  INCLUDES THE ENHANCEMENT UNDER RECKLESS ENDANGERMENT OF
17  FLIGHT. THEY ARE TWO SEPARATE SECTIONS, BUT SOMEWHAT
18  RELATED.
19      BUT JUST SO IT'S CLEAR WHAT WE ARE PRESERVING,
20  THAT IT WOULD BE THE ENHANCEMENT UNDER EITHER OR BOTH OF
21  THOSE.
22      THE COURT: ALL RIGHT. I THINK THE RECORD IS CLEAR
23  IN THAT RESPECT, AND THE COURT IS NOT INCLINED TO PRESS ANY
24  OF THE ADJUSTMENTS THAT ARE LEFT OPEN.
25      THE CRIMINAL HISTORY CALCULATION IS A CATEGORY

3. THERE IS NO CONTEST WITH RESPECT TO THAT, IS THERE, MR. LITTLE?

    MR. LITTLE: NO, YOUR HONOR.

    THE COURT: ALL RIGHT. WHAT WE COME DOWN TO THEN, GIVEN THE FINDING THAT I MADE EARLIER, IS WITH A LEVEL 40 AND A CATEGORY 3 AND A GUIDELINE RANGE OF 360 MONTHS TO LIFE.

    WITH RESPECT TO THE OVERALL GUIDELINE SENTENCING, THERE WOULD ALSO BE A SUPERVISED RELEASE MINIMUM OF FIVE YEARS, THE FINE RANGE IS 25,000 TO FOUR MILLION DOLLARS, AND A FIFTY DOLLAR SPECIAL ASSESSMENT.

    THAT WOULD APPEAR TO COVER THE GUIDELINE RANGE THAT WOULD BE APPLICABLE. WITH RESPECT TO THE APPROPRIATE SENTENCE WITHIN THE RANGE, ANYTHING YOU WANT TO SAY ABOUT THAT, MR. LITTLE?

    MR. LITTLE: YOUR HONOR, AT THAT RANGE, IT'S KIND OF RIDICULOUS, BUT MR. FORD'S PRIOR RECORD IS MISDEMEANOR CONVICTIONS, AND, OF COURSE, HE HAS FOUR CHILDREN. HE IS THIRTY YEARS OLD, YOUR HONOR.

    I WOULD SAY THE MINIMUM AT THAT RANGE IS CLEARLY ADEQUATE.

    THE COURT: AND THE GOVERNMENT'S POSITION?

    MS. SKALLA: YOUR HONOR, THE GOVERNMENT IS RECOMMENDING THE LOW END.

    THE COURT: ALL RIGHT. MR. FORD, YOU UNDERSTAND THAT THE BOTTOM LINE HERE IS THAT THE GUIDELINE RANGE

1  APPLICABLE IN YOUR CASE IS 360 MONTHS UP TO LIFE.
2           THE GOVERNMENT'S TAKEN THE POSITION THAT THE LOW
3  END, THAT IS, THE 360 MONTHS, WHICH IS THE ABSOLUTE MINIMUM
4  THAT I COULD IMPOSE, IS SATISFACTORY WITH THE GOVERNMENT,
5  AND, OF COURSE, THAT'S WHAT MR. LITTLE IS ASKING FOR.
6           GIVEN THE GOVERNMENT'S POSITION IN THE MATTER,
7  PARTICULARLY, ALONG WITH MY OWN OVERALL VIEWS, I WOULD NOT BE
8  INCLINED TO IMPOSE ANYTHING GREATER.
9           NEVERTHELESS, YOU HAVE THE OPPORTUNITY, IF YOU
10 WOULD LIKE TO, TO SAY ANYTHING THAT YOU WOULD LIKE TO SAY OR
11 TELL ME WITH REGARD TO THE MATTER BEFORE I IMPOSE THE
12 SENTENCE.
13          MR. FORD:  YES, I HAVE, YOU KNOW, I HAVE FAMILY,
14 CHILDREN AND LOVED ONES THAT NEED ME ON THE OUTSIDE, AND I
15 WOULD LIKE LENIENCY FROM THE COURT, IF POSSIBLE.  THANK YOU.
16          THE COURT:  ALL RIGHT.  ALL THAT I COULD REALLY SAY
17 IS THAT THIS IS A TRAGIC SITUATION.
18          NOT ONLY WITH MR. FORD, BUT WITH THE OTHERS WHO
19 ARE INVOLVED AND CONVICTED IN THE SAME MATTER.  IT'S A
20 TERRIBLE MISDIRECTION OF THE LIFE OF A YOUNG MAN WHO
21 OBVIOUSLY HAS CONSIDERABLE TALENT, INTELLIGENCE, AND THE
22 ABILITY TO BE A PRODUCTIVE CITIZEN.
23          AND, OBVIOUSLY, AS HE HAS JUST INDICATED, IT'S A
24 TRAGIC SITUATION FOR HIS FAMILY.
25          CONGRESS HAS MANDATED A SENTENCING STRUCTURE

1  WHICH BRINGS US TO THE POINT WHERE WE ARE. I CANNOT TRULY
2  ARGUE WITH THE PROPRIETY OF IT, GIVEN THE NASTY BUSINESS THAT
3  ALL OF THIS IS ABOUT.
4           THIS IS WHAT IS TEARING THE FABRIC OF THIS
5  COUNTRY APART. SO I FULLY UNDERSTAND WHY THE PENALTIES AND
6  THE GUIDELINES ARE WHAT THEY ARE.
7           IT'S THE JUDGMENT OF THIS COURT THAT MR. FORD BE
8  COMMITTED TO THE BUREAU OF PRISONS FOR A TERM OF 360 MONTHS
9  WITH RESPECT TO COUNT 31.
10          I AM ALSO GOING TO IMPOSE A TERM OF SUPERVISED
11 RELEASE, WHICH IS REQUIRED, OF FIVE YEARS. I AM NOT GOING TO
12 IMPOSE A FINE IN VIEW OF THE SITUATION AS INDICATED IN THE
13 PRESENTENCE REPORT WITH REGARD TO MR. FORD'S ASSETS BEING
14 INSUFFICIENT.
15          THE SPECIAL ASSESSMENT OF FIFTY DOLLARS MUST BE
16 ASSESSED. MR. FORD, YOU HAVE THE RIGHT TO AN APPEAL IN THIS
17 MATTER, AS I AM SURE YOU ARE AWARE.
18          THAT APPEAL MUST BE FILED WITHIN TEN DAYS FROM
19 TODAY'S DATE. ALONG WITH YOUR APPEAL, OF COURSE, YOU ARE
20 ENTITLED TO HAVE COUNSEL REPRESENT YOU.
21          YOU ARE ENTITLED TO HAVE ACCESS TO THE NECESSARY
22 TRANSCRIPTS AND TO COPIES OF THE RECORD, AND THOSE THINGS CAN
23 BE PROVIDED FOR YOU IF YOU ARE, IN FACT, INDIGENT, AND UNABLE
24 TO PROVIDE THEM FOR YOURSELF.
25          I AM SURE THAT MR. LITTLE WILL BE GLAD TO ADVISE