```
                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF MARYLAND


UNITED STATES OF AMERICA        +

        -v-                     +     Criminal No. WN-90-0454

PAUL WINESTOCK, JR.             +

                        + + + + + + + +




        The above-entitled matter came on for sentencing

before the Honorable William M. Nickerson commencing at

2:00 p.m. on May 7th, 1993, at Baltimore, Maryland.



                        A P P E A R A N C E S

On behalf of the Government:

        Barbara Skalla, Esquire
        Jack Geise, Esquire
        Assistant United States Attorneys


On behalf of the Defendant:

        Alan C. Drew, Esquire









Reported by:
Julie T. Billups, Official Reporter
```

FILED ___ ENTERED
___ ___ RECEIVED

DEC 2 7 1995

U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___ DEPUTY

```
 1          That's not someone who's not knowledgeable about
 2   crack.  That's not someone who perhaps read something in a
 3   newspaper and decided to present himself as a cocaine dealer,
 4   a crack dealer.  It's very clear that that was Mr.
 5   Winestock's drug of choice, particularly in 1990.
 6          THE COURT:  Any last word, Mr. Drew?
 7          MR. DREW:  Your Honor, I --
 8          THE COURT:  You're exhausted?
 9          MR. DREW:  I've said it all with regard to the
10   quantities.
11          THE COURT:  All right.
12          Before coming out here this afternoon I spent
13   considerable time, not today but some days ago, going through
14   the government's sentencing memorandum and checking it
15   against my own notes that I took during the course of the
16   trial and my own recollection.
17          What I came up with from that exercise was a total
18   quantity of 29.246 kilograms of crack cocaine attributable to
19   Mr. Winestock.  I have listened to Mr. Drew's arguments with
20   respect to each and every item that he has spoken to this
21   afternoon.  And I think what Ms. Skalla said a few moments
22   ago speaks to the major part of the situation, and that is
23   that the evidence overall in this case, not picking apart the
24   little incidents that are set out in the government's
25   memorandum, is absolutely overwhelming that Mr. Winestock was
```

```
 1  involved extensively, if not more so than any of the other
 2  defendants who were tried in connection with this matter.
 3          Perhaps arguably there's some equality with regard
 4  to Norman Brown, but beyond that, and even considering the
 5  fact that I accepted, because I think there's clearly some
 6  truth to it, that a lot of the talk was macho kind the
 7  posturing, but notwithstanding all of that, there was a
 8  tremendous amount of crack cocaine along with powdered
 9  cocaine, even some heroin, that Mr. Winestock was clearly
10  directly involved with or which is attributable to him in a
11  sense that his participation in it was with knowledge of
12  either the possession or the trafficking of it.
13          In any event, it is crystal clear to me that the
14  16.7, or if you want to add the other fraction from the
15  powder being converted to crack, 16.898, either one, when the
16  government says they're looking at it conservatively, I have
17  to agree with them.  That is extremely conservative.  For
18  purposes of Mr. Winestock's position, although as a practical
19  matter I don't know that it helps any, I will limit my
20  finding to one based upon easily a preponderance if not clear
21  and convincing evidence of participation and drugs
22  attributable to Mr. Winestock in the amount of 16.7 kilograms
23  of crack cocaine.
24          As I say, as a practical matter it probably makes
25  little difference because the guidelines do not indicate any
```